# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIET BENNETT,<br><br>                  Plaintiff,<br>  vs.<br>GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, a business entity form unknown; CIGNA HEALTHCARE, a business entity form unknown, and DOES 1 through 100, inclusive,<br><br>                  Defendants. | CASE NO. 09cv1256-WQH-JMA<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss (Doc. # 2) and the Motion to Strike Plaintiff's Demand for Jury Trial ("Motion to Strike") (Doc. # 8), both filed by Defendants, Great-West Life & Annuity Insurance Company and Cigna Healthcare.

## I. Background

On May 8, 2009, Plaintiff filed a "Complaint for ... Breach of Insurance Contract; ... Breach of the Covenant of Good Faith and Fair Dealing; ... [and] Declaratory Relief" ("Complaint") in San Diego Superior Court. (Doc. # 1, Ex. A). The Complaint alleges that Defendants issued a medical benefits insurance policy "as part of a group insurance plan ... sold by Defendants ... to Clark Security Products, Inc." (Doc. # 1, Ex. A ¶ 7). Plaintiff alleges that this plan provided coverage to Clark Security Products' employees and their dependents, and that Plaintiff was entitled to benefits under that plan. (Doc. # 1, Ex. A ¶¶ 7-8). Plaintiff alleges that on July 18, 2008, Plaintiff "requested that Defendants ... pre-authorize payment for bariatric surgery under the terms of the Policy. Despite the fact that [Plaintiff] repeatedly

1  demonstrated to Defendants ... that she qualifies for bariatric surgery under the policy,
2  Defendants ... have repeatedly refused and continue to refuse to pre-authorize payment for
3  bariatric surgery under the terms of the Policy." (Doc. # 1, Ex. A ¶ 12). Plaintiff also alleges
4  that Defendants failed to do the following: "[c]onduct a prompt, full and complete
5  investigation of the Plaintiff's request to pre-authorize payment for bariatric surgery";
6  "[a]dvise Plaintiff in a timely manner regarding the status of the claim"; and "[p]romptly
7  respond to communications with respect to the claim." (Doc. # 1, Ex. A ¶ 13). Plaintiff
8  alleges that these actions by Defendants constitute a breach of contract and a breach of the
9  covenant of good faith and fair dealing. (Doc. # 1, Ex. A ¶¶ 16-24). The Complaint requests
10 compensatory damages, punitive damages, attorneys fees, and "a judicial declaration that
11 Plaintiff qualifies for bariatric surgery under the terms of the Policy." (Doc. # 1, Ex. A at 8).

12    On June 9, 2009, Defendants removed the action to this Court, on the grounds that
13 federal question jurisdiction exists pursuant to the Employee Retirement Income Security Act
14 of 1974, 29 U.S.C. §§ 1001, et seq. ("ERISA"). (Doc. # 1). On June 11, 2009, Defendants
15 filed the Motion to Dismiss. (Doc. # 2). Defendants contend that the insurance plan at issue
16 is governed by ERISA, which completely preempts Plaintiff's state law claims. (Doc. # 2-2
17 at 1). Defendants contend that Plaintiff's state law claims should be dismissed with prejudice.
18 (Doc. # 2-2 at 10).

19    On June 19, 2009, Plaintiff filed a notice stating: "Plaintiff Juliet Bennett hereby
20 demands trial by jury in this action." (Doc. # 6 at 1). On June 30, 2009, Defendants filed the
21 Motion to Strike, contending that "there is no right to a jury trial in ERISA matters, and
22 Defendants do not consent to a jury trial." (Doc. # 8 at 1).

23    On July 6, 2009, Plaintiff filed a brief in opposition to the Motion to Dismiss, stating:

24 > Plaintiff does not contest the point that the claims for relief stated in the
25 > complaint are governed by ERISA. However, the complaint requests remedies
    > that are available under ERISA (at 29 U.S.C. §1132) and therefore states a claim
26 > under ERISA. Namely, the complaint seeks 'to recover benefits due to him
    > under the terms of his plan, to enforce his rights under the terms of the plan, or
27 > to clarify his rights to future benefits under the terms of the plan ....' 29 U.S.C.
    > § 1132 (1)(B). Accordingly, Defendants['] Motion to Dismiss must be denied
28 > in its entirety.

(Doc. # 9 at 2). Plaintiff also requests leave of Court to amend the Complaint, "should this

1 court find that amendments to Plaintiff's complaint are warranted." (Doc. # 9 at 6).

2 On July 13, 2009, Defendants filed a reply brief in support of the Motion to Dismiss, contending that Plaintiff's state law claims should be dismissed because "the causes of action in the complaint–for breach of contract, for 'bad faith' seeking general and punitive damages, and for declaratory relief–are not the same as the claims that are established by ERISA." (Doc. # 10 at 2).

On July 27, 2009, Plaintiff filed a brief in opposition to the Motion to Strike, contending that the Motion to Strike is premature because the Court has not ruled on the pending Motion to Dismiss, and "the issue [of whether Plaintiff is entitled to a jury trial] should remain open for the court to decide at the time the matter is scheduled for trial." (Doc. # 11 at 2).

**II. Discussion**

    **A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the court reads the complaint in the light most favorable to the non-moving party. *See Odom v. Microsoft Corp.,* 486 F.3d 541, 547 (9th Cir. 2007). "Allegations in the complaint, together with reasonable inferences therefrom, are assumed to be true for purposes of the motion." *Id*. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

As Plaintiff concedes, the plan at issue is governed by ERISA.[1] *Compare* 29 U.S.C. §

---

[1] Defendants attach a copy of the plan at issue to the Motion to Dismiss. (McClure Decl., Ex. A, Doc. # 2-3). Plaintiff does not challenge the authenticity of that document as the plan referenced in the Complaint. (Doc. # 9). The Court takes judicial notice of the plan. *See No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*, 320

1002(3) (defining an "employee welfare benefit plan"), *and Winterrowd v. Am. Gen. Annuity Ins. Co.*, 321 F.3d 933, 939-40 (9th Cir. 2003) ("[A]n ERISA plan must invoke an ongoing administrative program, and must enable reasonable persons to ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits."), *with* McClure Decl., Ex. A, Doc. # 2-3, at 2-19 (stating that the plan is self-funded by the employer and setting forth the benefits, beneficiaries, and procedures for receiving benefits), *and id*. at 2 ("Clark Security Products, Inc. ... has established an Employee Welfare Benefit Plan within the meaning of the Employee Retirement Income Security Act of 1974.")).

"[A] state law cause of action is preempted by ERISA if it 'relates to' an employee benefit plan." *Bast v. Prudential Ins. Co. of Am.* 150 F.3d 1003, 1007 (9th Cir. 1998) (citing 29 U.S.C. § 1144(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)). "The Supreme Court has held that ERISA preempts state common law tort and contract causes of action asserting improper processing of a claim for benefits under an insured employee benefit plan. ... Similarly, we have held that state law tort and contract claims as well as violations of a state insurance statute are preempted by ERISA." *Bast*, 150 F.3d at 1007 (citing *Pilot Life*, 481 U.S. at 57; *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124, 1131 (9th Cir. 1992) (holding plaintiffs' causes of action for breach of contract, breach of the duty of good faith and fair dealing, intentional infliction of emotional distress, and violations of the Arizona Insurance Code were preempted by ERISA)).

The Court concludes that the state law causes of action for breach of contract and breach of the covenant of good faith and fair dealing are preempted by ERISA. *See Tingey*, 953 F.2d at 1131. Similarly, Plaintiff's claims for punitive damages are preempted by ERISA. *See Bast*, 150 F.3d at 1009 ("Extracontractual, compensatory and punitive damages are not available under ERISA.") (citing *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)).

The Court will dismiss the Complaint without prejudice and allow Plaintiff to replead

---

F.3d 920, 925 n.2 (9th Cir. 2003) (when deciding a motion to dismiss, a district court may "consider documents submitted by Defendants that were referenced in the complaint and whose authenticity has not been questioned").

her claims under ERISA. *See Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1506 (9th Cir. 1985) ("Our affirmance of the district court's dismissal without prejudice of the state-law claims that we have found to be preempted by ERISA leaves the plaintiffs free to assert those claims under ERISA."); *Rozman v. Prudential Ins. Co. of Am.*, 1994 WL 514030, at *2 (N.D. Cal., Sept. 7, 1994) ("Because Rozman has standing as either an employee or a beneficiary to bring claims under ERISA, his state law claims are preempted. Rozman's claims are dismissed without prejudice to whatever remedies he may have under ERISA.").

### B. Motion to Strike

Federal Rule of Civil Procedure 39 provides: "When a jury trial has been demanded..., the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless ... the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Ninth Circuit has held that there is no right to a jury trial in ERISA cases. *See Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 996-97 (9th Cir. 2000) ("[T]he remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries. The district court properly rejected Thomas' demand for a jury trial."). The Motion to Strike is granted.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss (Doc. # 2) is **GRANTED**. The Complaint is **DISMISSED** without prejudice. No later than **THIRTY (30) DAYS** from the date of this Order, Plaintiff may file a first amended complaint. The Motion to Strike Plaintiff's Demand for Jury Trial (Doc. # 8) is **GRANTED**.

DATED: August 18, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge